**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



JAMES R. SHERMAN,

       Plaintiff,

v.                             **Civil Action No. 2:10cv567**

LITTON LOAN SERVICING, LP,
AND
GLASSER AND GLASSER, P.L.C.,

       Defendants.

## OPINION and ORDER

This matter is before the Court on plaintiff James R. Sherman's ("Plaintiff") Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), filed on July 27, 2011, requesting this Court reverse its prior ruling dismissing the case with prejudice. Additionally, on November 29, 2011, defendant Litton Loan filed a letter requesting a hearing on Plaintiff's motion. For the reasons set forth below, both Defendant's request for a hearing and Plaintiff's Motion for Reconsideration are **DENIED**.

### I. Factual and Procedural History

In November of 2006, Plaintiff took out a first lien mortgage in the amount of $530,000 in connection with the purchase of a tract of land in Virginia Beach, Virginia.

1

Defendant Litton Loan was the servicer of the mortgage and Defendant Glasser later took over as substitute trustee. Timely payments were made on the mortgage until August 2009 when Plaintiff requested a loan modification. Plaintiff's loan modification request was eventually denied and a notice of default and intent to accelerate was given to Plaintiff. On October 27, 2010, to prevent foreclosure of the property, Plaintiff filed a Bill of Complaint and a Petition for Preliminary Injunction against Defendants in Virginia state court. The matter was removed to federal court by the defendants on November 18, 2010.[1]

On July 5, 2011, this Court entered an Opinion and Order, granting Defendant Glasser's motion to dismiss, granting Defendant Litton's motion for judgment on the pleadings, denying Plaintiff's motion to remand the case as moot and dismissing this matter with prejudice. Docket No. 29.

On July 27, 2011, Plaintiff filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and argues that the District Court made an "inadvertent mistake" in exercising subject matter jurisdiction because the amount in controversy was only $74,500. Docket No. 31. On August 5, 2011, Defendant Litton Loan filed a detailed

---

[1] For a more complete recitation of the facts see this Court's Opinion and Order filed on July 5, 2011. Docket No. 29.

Memorandum in Opposition of the Motion for Reconsideration and on November 29, 2011 requested a hearing on this matter.  Docket Nos. 32, 33.  Plaintiff never filed an accompanying Memorandum to its Motion for Reconsideration or a Reply to Defendant's memorandum.

## II. Standard of Review

The Fourth Circuit has held that a motion under Rule 60(b) is addressed to the sound discretion of the trial judge and will not be disturbed on appeal save for a showing of abuse. Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 870 (4th Cir. 1999).  However, review under Rule 60(b)(4) is *de novo* because the question of a judgment's validity is purely legal.  Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 525 U.S. 1041, 142 L. Ed. 2d 534, 119 S. Ct. 591 (1998); Garcia Fin. Group, Inc., v. Va. Accelerators Corp., 3 F. App'x 86, 87-88 (4th Cir. 2001) (unpublished).

In order to bring an appropriate Rule 60(b) motion, "the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton v. Alton Steamship Co., 608

F.2d 96, 102 (4th Cir. 1979)).[2]   Once a movant has demonstrated the four threshold requirements, Federal Rule of Civil Procedure 60(b) lists the grounds under which a court may grant relief from a final judgment.   These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2011).   The moving party's allegations "must be clearly substantiated by adequate proof" to the

---

[2] Although a precondition for all Rule 60(b) motions is that the moving party must show a meritorious claim or defense, there is authority that states this precondition does not apply when the ground asserted is that the judgment is void under Rule 60(b)(4).   See Bludworth Bond Shipyard Inc. v. M/V Caribbean Wind, 841 F.2d 646, 649 (5th Cir. 1988) (noting that a court must set aside a void judgment under Rule 60(b)(4) regardless of whether the movant has a meritorious defense); 12-60 Moore's Federal Practice - Civil § 60.44 (2011) (noting that the meritorious claim precondition "does not apply when the ground asserted for relief is that the judgment is void"). Additionally, contrary to the "reasonable time" limitation placed on 60(b) motions generally, relief from a void judgment pursuant to Rule 60(b)(4) is not subject to any time limitation. See Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1345 (10th Cir. 2000) (holding that a Rule 60(b)(4) motion may be made at any time); Sea-Land Serv. Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998) (same); Meadows v. Dominican Republic, 817 F.2d. 517, 521 (9th Cir. 1987) (same); Garcia Fin. Group, Inc., v. Va. Accelerators Corp., 3 F. App'x 86, 88 (4th Cir. 2001) (unpublished) (same).

satisfaction of the district court. <u>In re Burnley</u>, 988 F.2d 1, 3 (4th Cir. 1992). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." <u>Compton</u>, 608 F.2d at 102. A Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. <u>See</u> <u>Ackermann v. United States</u>, 340 U.S. 193, 198 (1950).

Plaintiff's Motion for Reconsideration does not specify which subsection of Rule 60(b) he is invoking. Docket No. 31. However, the subsection that is logically implicated from his objections is Rule 60(b)(4).[3]

### III. Analysis

Rule 60(b)(4) allows relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4) (2011). In Plaintiff's Motion for Reconsideration he alleges for the first time that the amount in controversy was only $74,500 and thus was insufficient to satisfy the subject matter jurisdiction requirements of 28 U.S.C. § 1332. Docket No. 31. Although Plaintiff characterizes this as an "inadvertent mistake" by the Court, Plaintiff appears to essentially be arguing the judgment

---

[3] If the Motion was analyzed under Rule 60(b)(1) or (b)(6) it appears Plaintiff has not made the required showing to satisfy the four threshold requirements. Plaintiff has not demonstrated a meritorious defense, exceptional circumstances, or a lack of unfair prejudice to the opposing party.

below is void for lack of subject matter jurisdiction, a Rule 60(b)(4) argument. Id.

A judgment will be "void" for purposes of Rule 60(b)(4) "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). However, "voidness" is narrowly construed and "a lack of subject matter jurisdiction will not always render a final judgment 'void' under [Rule 60(b)(4)]. Only when the jurisdictional error is 'egregious' will courts treat the judgment as void." Id. at 413 (citing United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000)). Thus, Rule 60(b)(4) relief is reserved "only for the exceptional case in which the court that rendered judgment lacked *even an 'arguable basis'* for jurisdiction." United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010) (emphasis added); See also, Wendt, 431 F.3d at 413-415 (noting relief under Rule 60(b)(4) requires a "total want of jurisdiction" and that the question is not whether the district court was "erroneous" in exercising jurisdiction but rather whether there was "no arguable basis" for jurisdiction).

Even under the relaxed threshold requirements of Rule 60(b)(4), Plaintiff's claim appears to be without merit for two reasons: (1) the ruling below is not the type of "total want of

jurisdiction," contemplated by (b)(4); and (2) this Court clearly had an "arguable basis" for exercising jurisdiction, which is all that is required to deny a Rule 60(b)(4) motion.

In this Court's Opinion and Order, filed on July 5, 2011, the Court noted that it "properly retained jurisdiction over this matter by virtue of the complete diversity of citizenship between the real parties in interest *and the manifest fact that the value of the property exceeds $75,000*." Docket No. 29, at 29 (emphasis added). Plaintiff argues that the amount in controversy requirement does not meet the $75,000 threshold requirement because he does not seek title to the property. Mot. Recons. 1, Docket No. 31. Instead, Plaintiff argues he only seeks contract breach damages in the amount of $74,500. Id. at 2. However, Plaintiff's original Complaint does not specify any specific sum of damages and Plaintiff does not offer any explanation to now support such a figure. Pl. Compl., Docket No. 1.

Diversity jurisdiction requires an amount in controversy of greater than $75,000. 28 U.S.C. § 1332(a)(1). The amount in controversy will be deemed to exceed the jurisdictional minimum unless "it appears to a legal certainty that the claim is really less than the jurisdictional amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). In actions seeking declaratory or injunctive relief, "'the amount

in controversy is measured by the value of the object of the litigation.'" Mathews v. PHH Corp., 2010 WL 3766538, at *5 (W.D. Va. Sept. 24, 2010) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). In the Fourth Circuit, the "test for determining the amount in controversy in a diversity proceeding is the 'pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)). Thus, under the "either party" rule, this Court can calculate the potential pecuniary impact of a judgment on either party.

The mortgage lien, which is the "object of the litigation" in this case, is in the amount of $530,000.  Pl. Compl. 1, Docket No. 1.  Additionally, any contract dispute centers on whether an agreement existed with Litton Loan to decrease Plaintiff's monthly mortgage payments from $4,269.84 per month to $3,478 per month.[4]  Id. at 4.  This reduction of $791.72 per month over the remaining life of the loan, a period of approximately 314 months,[5] is a total reduction of $248,600.08,

---

[4] It appears that throughout the loan modification negotiations, reduced monthly payments of $2,017.54, $3,331.75, and $3,478.12 were all discussed. Pl. Compl., Docket No. 1.   However, in reading the facts in the light most favorable to the plaintiff, the Court has chosen the highest number for its calculation because it results in the lowest amount in controversy.

[5] Plaintiff's first payments on his 30 year loan began in January 2007 with the final payment due December 1, 2036. Deed of Trust,

an amount which clearly satisfies the amount in controversy requirement.

Thus, Plaintiff's argument that $74,500 is the correct amount in controversy and that the Court lacked subject matter jurisdiction is without merit and the Court was correct in finding the amount in controversy requirement satisfied. Under Rule 60(b)(4), the case law requires only that this Court have had an "arguable basis" for finding that it had subject matter jurisdiction in order for it to properly dismiss a motion for reconsideration. That standard is easily met in this case.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion for Reconsideration under Rule 60(b) is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Order to Plaintiff and all counsel of record.

**IT IS SO ORDERED.**

_____ /s/ ~~Mark~~

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 13 , 2011

---

Docket No. 12, Ex. 1. Even if Plaintiff is only alleging that his loan payments should be reduced from October 2010 (the month when Plaintiff received foreclosure notice) through December 2036, that leaves approximately 314 months remaining on the life of the loan.